IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:19-CV-00844

JOHN GARREN and ROBIN GARREN,
his wife,

    Plaintiff

vs.

USAA CASUALTY INSURANCE COMPANY,

    Defendant
_____

**USAA CASUALTY INSURANCE COMPANY'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant USAA CASUALTY INSURANCE COMPANY ("USAA CIC") pursuant to Federal Rules of Civil Procedure 12(b)(6) and applicable Federal law, hereby requests this Court dismiss Plaintiffs' Complaint and states as follows:

1. The Complaint alleges that on or about June 27, 2017 Plaintiff suffered permanent injuries due to the negligence of an uninsured/underinsured motorist and states four causes of action:

    **Count I:**    **Plaintiff John Garren's UM Claim Against Defendant USAA CIC**
    **Count II:**    **Plaintiff Robin Garren's Loss of Consortium Claim**
    **Count III:**   **Plaintiff John Garren's Bad Faith Claim Against USAA CIC**
    **Count IV:**   **Plaintiff Robin Garren's Bad Faith Claim Against USAA CIC**

2. Counts III and IV should be dismissed without prejudice as premature and for failure to state a cause of action because Plaintiffs do not allege there has been a final determination of liability and damages pursuant to the Policy. Plaintiffs' alleged bad faith cause of action has not

03122535

accrued and does not currently exist because there has not been a final determination as to liability and the extent of Plaintiffs' damages. Plaintiffs' Complaint acknowledges this claim is not ripe. (Compl. ¶ 23).

3.  Plaintiff Robin Garren also alleges a bad faith claim in Count IV of the Complaint. This bad faith claim is derivative of her husband's bad faith claim in Count III, thus Count IV should be stricken. Additionally, Count IV is premature and requires dismissal.

**WHEREFORE**, USAA CIC respectfully requests that this Honorable Court dismiss Counts III and IV of Plaintiffs' Complaint or in the alternative strike Count IV and grant such other relief as it may deem just and proper.

## MEMORANDUM OF LAW

**I.  STANDARD FOR DISMISSAL**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to assert certain defenses to a claim by motion, including the defense that the plaintiff failed to state a claim upon which relief can be granted and for more definite statement. While the court takes the plaintiffs allegations as true, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Lopez v. Geico Cas. Co.*, 2013 WL 4854492 (S.D. Fla. Sept. 5, 2013); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Plaintiffs' obligations to provide grounds for their entitlement to relief requires more than "labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft*, 556 U.S. at 679.

**II.  COUNTS III AND IV MUST BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION BECAUSE THERE HAS BEEN NO DETERMINATION OF**

03122535

**LIABILITY AND DAMAGES REGARDING PLAINTIFFS' UM CLAIM**

    a.    *Plaintiffs bad faith claim is premature.*

It is well-established under Florida law that a claim for bad faith does not accrue until there has been a determination of liability and damages in the underlying contract claim. *See Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991); *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000); *State Farm Mut. Auto. Ins. Co. v. Laforet*, 658 So. 2d 55, 63 (Fla. 1995); *Fridman v. Safeco Ins. Co. of Illinois*, 185 So. 3d 1214 (Fla. 2016).

As the Florida Supreme Court explained in *Blanchard*:

> [A]n insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits. Absent a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle.

*Blanchard*, 575 So. 2d at 1291. This also includes resolution of any appeals arising from the final judgment. *Lexington Ins. Co. v. Royal Ins. Co. of Am.*, 886 F. Supp. 837, 841-42 (N.D. Fla. 1995); *Michigan Millers Mut. Ins. Co. v. Bourke*, 581 So. 2d 1368, 1369-70 (Fla. 2d DCA 1991).

"[U]ntil a final judgment is entered the bad faith claim does not exist. . . . However, once a final judgment has been entered by the … judge then both liability and damages will have been established both of which are necessary to prosecute a claim against an insurer for bad faith." *Jenkins v. Allstate Ins. Co.*, No. 5:08-cv-285-Oc-10GRJ, 2008 WL 4934030 (M.D. Fla. Nov. 12, 2008). "Until such time as the … judge has entered a final judgment the damages will be uncertain and thus the bad faith claim cannot be prosecuted." *Id.*

Here, Plaintiffs assert the bad faith claim and UM claim in the Complaint. Without resolution of the underlying UM claim, there can be no final determination of liability and damages necessary to ripen the alleged bad faith cause of action. A trial court departs from the essential

03122535

requirements of the law when it allows a first-party bad faith cause of action to proceed before a final determination of liability and damages in the underlying UM case. *State Farm Mut. Auto. Ins. Co. v. O'Hearn*, 975 So. 2d 633, 635 (Fla. 2d DCA 2008); *Progressive Select Ins. Co. v. Shockley*, 951 So. 2d 20 (Fla. 4th DCA 2007). USAA CIC is entitled to resolution of the underlying UM claim before any claim for bad faith may proceed against it.

A premature claim for bad faith would expose USAA CIC to improper discovery of privileged information. Until there has been a final determination of liability and damages, a party is not entitled to bad faith discovery, such as the claim file and claims handling manuals. *See Gov't Employees Ins. Co. v. Rodriguez*, 960 So. 2d 794, 796 (Fla. 3d DCA 2007); *State Farm Mut. Auto. Ins. Co. v. Cook*, 744 So. 2d 567, 568 (Fla. 2d DCA 1999) ("[C]laims and litigation files are not subject to discovery until the bad faith claims are ripe."). "[D]iscovery which concerns only potential issues of bad faith or other purported improprieties in defending the claim are wholly impermissible unless and until it is determined that the policy indeed provides coverage." *Granada Ins. Co. v. Ricks*, 12 So. 3d 276, 277 (Fla. 3d DCA 2009).

    b.    *The proper remedy is dismissal, not abatement.*

USAA CIC recognizes a premature bad faith claim may be either dismissed without prejudice or abated until the underlying cause of action is resolved. *See Fridman v. Safeco Ins. Co. of Illinois*, 185 So. 3d 1214, 1222 (Fla. 2016)[1]; *Landmark Am. Ins. Co. v. Studio Imports, Ltd., Inc.*, 76 So. 3d 963, 964-65 (Fla. 4th DCA 2011); *State Farm Mut. Auto. Ins. Co. v. O'Hearn*, 975 So. 2d 633, 635-36 (Fla. 2d DCA 2008). Dismissal, rather than abatement, is the preferred remedy

---

[1] For clarification, while the Florida Supreme Court recently reiterated in *Fridman* that abatement is **an** appropriate procedural device, *Fridman* by no means changed longstanding Florida law holding that dismissal is also an appropriate remedy. *Fridman*, 185 So. 3d at 1229-1230. The Court's choice of using "**an** appropriate procedural device" rather than "**the** appropriate procedural device" underscores the Florida Supreme Court's intention to allow trial courts to continue to dismiss premature bad faith claims. *Fridman* still grants trial courts discretion to decide whether to abate or dismiss a premature bad faith claim.

by many Federal courts. See *Terenzio v. Lm Gen. Ins. Co.*, 2019 U.S. Dist. LEXIS 67158, Case No. 19-80301-civ-COHN-MATTEWMAN, at *5 (S.D. Fla. Apr. 18, 2019) (citing *Gilbert v. State Farm Mut. Auto. Ins. Co.*, 95 F. Supp. 3d 1358, 1364 (M.D. Fla. 2015) (collecting cases and finding that a majority of the courts have favored dismissal)). The Southern District recently stated that "it is unsettled whether abatement of a premature bad-faith claim is permitted in federal court." *Terenzio*, 2019 U.S. Dist. LEXIS 67158 at *5. The Court went on to further state a favored outcome is one that "does not risk running afoul of Article III of the Constitution or the Federal Rule of Civil Procedure." *Id.*

As the Second District Court of Appeal explained in *Shuck v. Bank of Am., N.A.*, 862 So. 2d 20, 24-25 (Fla. 2d DCA 2003):

> The appropriate disposition of prematurely filed actions varies depending upon the circumstances that give rise to the premature element of the claim. . . .In cases where the premature element of an action is curable simply by the passage of time, Florida courts have generally disapproved dismissal of the action. Instead, the favored disposition is abatement of the action until the cause matures. . . .
>
> However, in other premature actions, the mere passage of time is not sufficient to cure the premature element of the action. An action may be premature because one of its essential elements is contingent upon the occurrence of an event that may or may not occur. In such cases, where the mere passage of time will not cure the premature element of the claim, abatement is not an appropriate disposition, and a dismissal is required.

(internal citations omitted); *see also Wells Fargo Ins. Servs. USA, Inc. v. Blackshear*, 136 So. 3d 1235, 1239 (Fla. 2d DCA 2014) ("We note that because the premature element of count five will not be cured by the passage of time . . . the appropriate remedy is dismissal of count five without prejudice, rather than an abatement of the count.") *Great Am. Assurance Co. v. Sanchuk, LLC*, No. 8:10–cv–2568–T–33AEP, 2012 WL 195526 (M.D. Fla. Jan. 23, 2012) ("When premature filing of an action cannot be cured by the passing of time—that is, when the claim is dependent upon the

03122535

outcome of a separate action—dismissal without prejudice is preferred."); *Cox v. Nat'l Gen. Ins. Online, Inc.*, No. 8:15-CV-1924-T-33JSS, 2015 WL 5316966 (M.D. Fla. Sept. 11, 2015) (dismissing a premature bad faith claim).

Here, Plaintiffs bad faith claim will not accrue merely through the passage of time. The existence of a cause of action for bad faith is dependent upon the contingency of a final determination of liability and damages in favor of Plaintiffs – an outcome that is not guaranteed. Consequently, dismissal without prejudice is the required remedy. *See Blakely v. Safeco Ins. Co. of Illinois*, No. 6:13-cv-796-Orl-37TBS (M.D. Fla. June 26, 2013) (applying *Shuck* to dismiss premature bad faith action); *Ralston v. LM Gen. Ins. Co.*, No. 6:16-cv-1723-Orl-37DCI, 2016 U.S. Dist. LEXIS 155262, at *5 (M.D. Fla. Nov. 8, 2016) (dismissing premature bad faith claim because it rests upon contingent future events that may never occur); *Bele v. 21st Century Centennial Ins. Co.*, 126 F. Supp. 3d 1293, 1296 (M.D. Fla. 2015) (dismissing bad faith claim rather than abating because the claim may never actually accrue).

The Court should evaluate the respective prejudice the parties will suffer when deciding whether to abate or dismiss Plaintiffs premature bad faith claims. If the Court elects to dismiss the bad faith claim, Plaintiffs will suffer no prejudice and can simply refile any ripened bad faith claim against USAA CIC in a separate action once the underlying UM claim is resolved (assuming Plaintiffs prevail in the underlying UM count). Further, dismissal of Plaintiffs bad faith claim will not require the parties to re-litigate the issue of damages in any subsequent bad faith action. *Fridman*, 185 So. 3d at 1216 (holding the determination of damages made in the underlying UM verdict is binding as an element of damages in a subsequent bad faith action against the same insurer); *see also GEICO Gen. Ins. Co. v. Paton*, 150 So. 3d 804, 805 (Fla. 4th DCA 2014).

Furthermore, if this situation is viewed through simple pleading fundamentals, Plaintiffs

03122535

bad faith claim violates Federal Rule of Civil Procedure 8. Rule 8(a) states, in relevant part:

> **(b) Claims for Relief.** A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim *shall contain* (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled.

(*emphasis added*). As currently pled, Plaintiffs' bad faith claims does not state a cause of action and does not contain the ultimate facts showing that the Plaintiff is entitled to relief. Plaintiff cannot cure this deficiency until the underlying UM claim is resolved. In any other context, a complaint that fails to allege all of the necessary elements to state a cause of action will be dismissed. The fact that abatement is even an option at all in handling unripe bad faith claims is a peculiarity of Florida law.

    C.    *Count IV Plaintiff Robin Garren's Bad Faith Claim is Mutually Exclusive and Duplicative of Count III and Must be Dismissed*

Plaintiff Robin Garren, in Count IV, further attempts to assert a separate claim for bad faith claim against USAA CIC. See Complaint at ¶ 36-38. Mrs. Garren's bad faith claim is derivative of the UM claim and her husband's bad faith claim. The remedies sought by Mrs. Garren and husband Plaintiff John Garren are **mutually exclusive** and cannot be obtained by both parties.

## III.   CONCLUSION

Plaintiffs' Complaint should be dismissed because Plaintiffs have alleged two unripe bad faith claims. Based upon the authorities outlined above, USAA CIC submits that dismissal is more appropriate from a procedural standpoint, as well as the cleaner and easier of the two options at the Court's disposal.

WHEREFORE, USAA CIC respectfully requests this Honorable Court dismiss Plaintiffs' Complaint and further requests any other relief deemed appropriate by this Court.

                                                                                                           BOYD & JENERETTE, P.A.

03122535

_/s/ K_____

**TRIAL COUNSEL**
KRISTEN M VAN DER LINDE
Florida Bar No. 0964573
BRANDI R. LONDRICO
Florida Bar No. 1003481
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 – Telephone
904-353-2863 – Facsimile
kvanderlinde@boydjen.com
Attorneys for Defendant
Primary Address for E-service:
efiling@boydjen.com

<u>**CERTIFICATE OF SERVICE**</u>

    I HEREBY CERTIFY that a copy of the foregoing has been furnished by eService on July 17, 2019 to Elizabeth T. Cardenas, Esq. (betsy@pajcic.com; rose@pajcic.com) Pajcic & Pajcic, P.A., One Independent Drive, Suite 1900, Jacksonville, FL 32202.

_/s/ K_____

KRISTEN M VAN DER LINDE
Florida Bar No. 0964573

03122535