Filing # 91558415 E-Filed 06/24/2019 01:23:35 PM

IN THE CIRCUIT COURT, FOURTH<br>
JUDICIAL CIRCUIT, IN AND FOR<br>
DUVAL COUNTY, FLORIDA<br><br>
CASE NO.:<br>
DIVISION:<br>
JUDGE:

JOHN GARREN and
ROBIN GARREN, his wife,
   Plaintiffs,
vs.

USAA CASUALTY INSURANCE
COMPANY, a foreign profit corporation,
   Defendant.
_____/

## COMPLAINT

Plaintiffs John Garren and his wife Robin Garren sue Defendant USAA Casualty Insurance Company ("USAA CIC") and allege as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of $15,000.00 exclusive of interest and costs.

2. At all times relevant Plaintiffs John Garren and Robin Garren were and remain residents of Florida.

3. At all times relevant, Plaintiffs John Garren and Robin Garren were and are married as husband and wife.

4. At all times relevant, Defendant USAA CIC was a foreign profit corporation, engaged in purposeful, substantial and not isolated commercial activity in, and within, Jacksonville, Duval County, Florida.

5. On or about June 27, 2017, Videll O'Neal Stone ("Stone") had the right to possess and control a 2008 Volvo Semi truck bearing Michigan Tag No. RB18061 ("Volvo semi-truck").

6. On June 27, 2017, at approximately 7:45 AM, Stone was operating the Volvo semi-truck westbound on I-10 near mile marker 340.

7. At that same time, Plaintiff John Garren was the restrained driver of a vehicle westbound on I-10 near mile marker 340.

8. At that time and place, Stone negligently operated or maintained the Volvo semi-truck causing a rear end collision with Plaintiff John Garren's vehicle, which in turn caused Plaintiff John Garren's vehicle to cross over both east bound lanes of I-10 and collide with a tree.

9. At all times relevant, including June 27, 2017, Stone was an uninsured/underinsured driver.

10. As a proximate result of Stone's negligence, Plaintiffs John Garren and Robin Garren have suffered injuries, damages, and losses.

## COUNT I
### (Plaintiff John Garren's UM Claim Against Defendant USAA CIC)

11. Plaintiff John Garren realleges the allegations of paragraphs 1 through 10 above, and incorporates same by reference herein.

12. The damages sustained by Plaintiff John Garren exceed Stone's available bodily injury coverage.

13. At the time of the crash, Plaintiffs were insured under an automobile insurance policy issued by Defendant USAA CIC which provided uninsured/underinsured motorist ("UM") insurance (policy number 004741533C7101) with policy limits of $100,000/$300,000, stacked times three (3) for injuries and damages sustained in the crash at issue (Ex. A).

14. At all times relevant Stone was an underinsured motorist pursuant to Florida law and by the terms of Plaintiffs' uninsured/underinsured motorist policy of insurance with Defendant USAA CIC.

15. Plaintiff John Garren is entitled to underinsured motorist benefits from the insurance policy with Defendant USAA CIC. Defendant USAA CIC, through the UM coverage on the policy, is obligated to pay monetary damages to Plaintiff for the damages Plaintiff sustained as a result of the aforesaid motor vehicle crash.

16. All conditions precedent have been performed or have occurred. Further, Plaintiffs have fully complied with all of the terms and conditions of the insurance policy issued by Defendant USAA CIC.

17. Plaintiff John Garren has offered to settle for the policy limits, but Defendant USAA CIC has failed or refused to pay the policy limits.

18. As a result of the negligence of the underinsured motorist Stone, as alleged above, Plaintiff John Garren suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, severe emotional distress, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing and Plaintiff John Garren will suffer losses in the future.

**WHEREFORE,** Plaintiff John Garren demands judgment against Defendant USAA Casualty Insurance Company for damages and costs of suit, together with such other relief as the Court may deem fair and just, and demands a trial by jury on all issues so triable.

## COUNT II
### (Plaintiff Robin Garren's Loss of Consortium Claim)

19. Plaintiff Robin Garren realleges the allegations of paragraphs 1 through 10 and 12 through 18 above, and incorporates same by reference herein.

20. At all times relevant, Plaintiff Robin Garren was and remains the wife of Plaintiff John Garren, and they were residing together under this family relationship.

21. As a result of the negligence of the underinsured motorist Stone, Plaintiff Robin Garren has suffered, and will continue to suffer, loss of care, comfort, consortium, companionship and services of her husband.

**WHEREFORE,** Plaintiff Robin Garren demands judgment against Defendant USAA Casualty Insurance Company for damages and costs of suit, together with such other relief as the Court may deem fair and just, and demands a trial by jury on all issues so triable.

## COUNT III
**(Plaintiff John Garren's Bad Faith Claim Against USAA CIC)**

22. Plaintiff John Garren realleges the allegations of paragraphs 1 through 10 and 12 through 18 above, and incorporates same by reference herein.

23. This claim will ripen upon the determination by the Court or by confession of judgment by USAA CIC that Plaintiffs are entitled to uninsured motorist benefits under the policy in an amount greater than USAA CIC's highest offer of $75,000.

24. On or about June 27, 2017, Plaintiff John Garren was involved in an automobile accident caused by an underinsured motorist.

25. At all times relevant, Plaintiffs were insured under an automobile insurance policy issued by Defendant USAA CIC which provided uninsured/underinsured motorist ("UM") insurance (policy number 004741533C7101) with policy limits of $100,000/$300,000, stacked times three (3) for injuries and damages sustained in the crash at issue (Ex. A).

26. On or about October 3, 2018, Plaintiffs provided USAA CIC with an offer to settle their uninsured motorist claim for the policy limits. USAA CIC failed to accept this offer.

27. On or about October 26, 2018, Plaintiffs provided USAA CIC with an additional offer to settle their uninsured motorist claim for the policy limits. USAA CIC failed to accept this offer.

28. On or about December 11, 2018, the Department of Insurance for the State of Florida and USAA CIC received a copy of the statutory sixty-day notice of the violation pursuant to § 624.155, Florida Statutes. A copy of this CRN is attached hereto as Plaintiffs' Exhibit "B" and incorporated herein by reference.

29. Pursuant to § 624.155, USAA CIC was required to pay the damages or correct the circumstances giving rise to the violation on or before February 11, 2019.

30. USAA CIC failed to pay the damages or correct the circumstances by February 11, 2019, as it was required to do pursuant to § 624.155, Florida Statutes.

31. As a result of the injuries caused by the negligence of the underinsured motorist and the relationship between the parties under the subject policy (Ex. A), Defendant USAA CIC owed a duty to Plaintiff John Garren to attempt in good faith to settle Plaintiff's claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for Plaintiff's interests. Defendant USAA CIC further owed to Plaintiff a duty to refrain from engaging in unfair claim settlement practices.

32. In addition, USAA CIC breached its obligations to its insured Plaintiff John Garren and acted in bad faith in that:

    a. USAA CIC failed to attempt in good faith to settle claims when, under all the circumstances, it could and should have done so;

    b. USAA CIC failed to act fairly and honestly toward its insured and with due regard for his interests;

    c. USAA CIC failed to adopt and implement standards for the proper investigation of claims;

    d.    USAA CIC failed to acknowledge and act promptly upon communication with respect to claims;

    e.    USAA CIC placed its own financial interests before that of Plaintiff;

    f.    USAA CIC failed to pay when all conditions under the policy required it, in exercising good faith and fair dealing toward its insured, to pay; and/or

    g.    USAA CIC failed to timely evaluate and pay benefits owed on the insurance policy.

33. As a direct and proximate result of Defendant USAA CIC's actions and/or inactions as set forth above, Plaintiff has been damaged.

34. As a result of Defendant USAA CIC's failure to act in good faith and statutory violations alleged above, Plaintiff is entitled to recover the total amount of his damages pursuant to section 627.727(10), Florida Statutes, including all damages suffered as a result of the crash and all damages caused by Defendant USAA CIC's failure to act in good faith and statutory violations alleged above.

35. Additionally, Plaintiff has been required to hire attorneys to prosecute the bad faith action and has paid and/or is obligated to pay the attorneys for the prosecution of this action. Plaintiff is entitled to recover the attorney's fees pursuant Florida Statutes §§627.727; 624.155; 627.428, and/or as direct consequential damages for USAA's bad faith conduct.

**WHEREFORE**, Plaintiff John Garren demands judgment against Defendant USAA Casualty Insurance Company for the total damages suffered by Plaintiff, including, but not limited to, the amount of the excess verdict, attorney's fees, costs and interest, and any additional relief that the Court deems appropriate.

## COUNT IV
### (Plaintiff Robin Garren's Bad Faith Claim Against USAA CIC)

36. Plaintiff Robin Garren realleges the allegations of paragraphs 1 through 10 and 12 through 18, 20 through 21, and 23 through 35 above, and incorporates same by reference herein.

37. As a result of Defendant USAA CIC's failure to act in good faith and statutory violations alleged above, Plaintiff Robin Garren is entitled to recover the total amount of her damages pursuant to section 627.727(10), Florida Statutes, including all damages suffered as a result of the crash and all damages caused by Defendant USAA CIC's failure to act in good faith and statutory violations alleged above.

38. Additionally, Plaintiff Robin Garren has been required to hire attorneys to prosecute the bad faith action and has paid and/or is obligated to pay the attorneys for the prosecution of this action. Plaintiff is entitled to recover the attorney's fees pursuant Florida Statutes §§627.727; 624.155; 627.428, and/or as direct consequential damages for USAA's bad faith conduct.

**WHEREFORE**, Plaintiff Robin Garren demands judgment against Defendant USAA Casualty Insurance Company for the total damages suffered by Plaintiff, including, but not limited to, the amount of the excess verdict, attorney's fees, costs and interest, and any additional relief that the Court deems appropriate.

DATED this 19th day of June, 2019.

**PAJCIC & PAJCIC, P.A.**

/s/ Elizabeth T. Cardenas
_____
**ELIZABETH T. CARDENAS, ESQUIRE**
Florida Bar No.: 118126
**CURRY GARY PAJCIC, ESQUIRE**

                Florida Bar No.: 0021301
                One Independent Drive, Suite 1900
                Jacksonville, FL 32202-5013
                Telephone: (904) 358-8881
                Telefax: (904) 354-1180
                Primary E-mail: betsy@pajcic.com
                Secondary E-mail: rose@pajcic.com
                **Attorneys for Plaintiffs**